In the

# United States Court of Appeals
## For the Seventh Circuit

───────────────

No. 20-1861

U.S. VENTURE, INC.,

*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

───────────────

Appeal from the United States District Court for the
Eastern District of Wisconsin.
Nos. 1:18-cv-01757 and 1:19-cv-00595 — **William C. Griesbach**, *Judge*.

───────────────

ARGUED DECEMBER 1, 2020 — DECIDED JUNE 29, 2021

───────────────

Before SYKES, *Chief Judge*, and BRENNAN and SCUDDER, *Circuit Judges*.

SCUDDER, *Circuit Judge*. Statutory interpretation is familiar territory for federal courts, and this appeal requires us to resolve a dispute over the scope of a statutory credit—taken against excise fuel taxes—that Congress made available to producers of "alternative fuel mixtures." U.S. Venture, a Wisconsin-based producer of motor fuels, argues that the tax credit applies to gasoline with a butane additive. The United

States disagrees, contending that there is nothing alternative about gasoline containing a butane additive and that Congress made this plain through a combination of statutory provisions defining the scope of the alternative fuel mixture tax credit provided in 26 U.S.C. § 6426(e). The district court concluded that the government had the stronger position under the operative statutory and regulatory provisions. We agree.

Reading statutory text through a wholistic lens—giving effect to the language Congress enacted into law and interpreting that language in the context of the full statutory scheme—is the cornerstone of proper statutory construction and where U.S. Venture falls short. We affirm the district court's entry of judgment for the government.

## I

### A

Since 1932 Congress has imposed excise taxes on the production of motor fuel. See Revenue Act of 1932, Pub. L. No. 72-154, § 617(a), 47 Stat. 169, 266. An excise is a "tax imposed on the manufacture, sale, or use of goods . . . or on an occupation or activity." *Tax*, BLACK'S LAW DICTIONARY (11th ed. 2019). Gasoline is the postcard example of a motor fuel historically subject to an excise tax. Since at least 1954, Congress has also recognized and imposed an excise tax on a category of alternative fuels initially called "special motor fuels." See Excise Tax Reduction Act of 1954, Pub. L. No. 83-324, § 507(b), 68 Stat. 37, 44. The combined fuel excise taxes account for more than 80% of the annual revenue collected by the U.S. Treasury Department for the Highway Trust Fund. The Congressional Budget Office estimated that in 2020 alone, fuel excise taxes generated more than $35 billion in revenue.

In 2005 Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act. See Pub. L. No. 109-59, § 11,113(b), 119 Stat. 1144, 1947. One component of the Act introduced new credits that fuel producers could use to offset their fuel excise taxes. At issue in this appeal are tax credits these producers can claim for using "alternative fuels" to create "alternative fuel mixtures." Even more specifically, the tax credit at issue is known as the AFM credit and is codified in the Tax Code at 26 U.S.C. § 6426(e).

B

Before wading into the statutory analysis, we pause to explain why all of this matters. U.S. Venture, Inc. is a privately held corporation headquartered in Wisconsin. One aspect of its business is to produce and sell motor fuels. And one way the company does so is by buying fuel from various suppliers and combining it with different additives before selling the finished product to retailers.

Since 2012 U.S. Venture has commonly added butane to the gasoline it produces and sells. Butane is itself a type of gas, made from both natural gas and petroleum. It has long been considered a fuel additive, with suppliers adding it to gasoline since at least the 1960s. Suppliers like U.S. Venture most often add butane when the weather turns colder because it helps cars start better in the winter months.

The petroleum industry considers and defines butane as a form of "liquified petroleum gas," often shorthanded as LPG. Some dictionaries refer to butane this same way—as an LPG. See, *e.g.*, OXFORD DICTIONARY OF ENGLISH 1030 (3d ed. 2010); MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 725 (11th ed. 2004). Other examples of LPGs include pentane and propane.

Since U.S. Venture began adding butane to its gasoline in 2012, the company paid the applicable federal fuel excise tax without objection for several years. Then, in 2017 U.S. Venture first sought an AFM tax credit for producing and selling fuel that contained a mixture of gasoline and butane. That year, U.S. Venture filed amended returns for tax years 2013 through 2016 seeking refunds based on the AFM credit for each gallon of butane used in its gasoline production. It sought a similar refund for excise taxes paid in 2017. U.S. Venture sought the AFM credits (through the refund requests) on the theory that butane is a "liquefied petroleum gas" or LPG—a substance explicitly identified as an "alternative fuel" for purposes of the tax credit. See 26 U.S.C. § 6426(d)–(e).

The company's decision to seek the refunds coincided with the appearance of tax-lawyer-produced promotional literature "urging taxpayers to assert on amended returns that butane (a standard component chemical present in all gasoline), when blended with gasoline, constituted an alternative fuel mixture." H.R. Rep. 116-379 at 61 (2020); see, *e.g.*, Shawn R. O'Brien and May Y. Chow, "Can the Alternative Fuel Mixture Credit Apply When LPG (Butane) Is Mixed with Gasoline," Bloomberg BNA Daily Tax Report (Oct. 18, 2017) ("[F]uel blenders may be entitled to the alternative fuel mixture credit under tax code Section 6426(e) for mixing liquefied petroleum gases such as butane with gasoline they are producing for sale or use in their business.").

The IRS rejected U.S. Venture's position, concluding that butane did not qualify for the AFM tax credit. Completing this agency review opened the door to federal court and allowed the district court to exercise jurisdiction over any subsequent refund-related litigation. See 26 U.S.C. § 7422(a); 28 U.S.C.

§ 1346(a)(1). U.S. Venture then filed two different lawsuits, one seeking refunds for fuel excise taxes paid from 2013–2016, and one seeking a refund for the company's 2017 tax payments. The district court consolidated these cases into the single proceeding we now review.

Understanding the district court's decision requires more background on the language Congress used to establish the AFM tax credit. It is to that language and the broader statutory structure we now turn.

## II

### A

When interpreting a statute, we start with its text. See *Babb v. Wilkie*, 140 S. Ct. 1168, 1172 (2020) ("Which [statutory] interpretation is correct? To decide, we start with the text of the statute[.]"); *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010) ("As in all such cases [of statutory construction], we begin by analyzing the statutory language[.]"). The familiarity of this aphorism does nothing to blunt its force.

The proper approach, then, begins by examining the language authorizing the AFM tax credit. By parsing the text and then more broadly navigating the accompanying and surrounding excise tax and tax credit structure, we find all of the definitional direction necessary to determine the meaning and limits of the precise provision at issue—26 U.S.C. § 6426(e). The Supreme Court has made clear that we must chart this exact course: "It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989).

B

We start with the underlying fuel excise tax itself. Subject to limited exceptions, the Tax Code imposes an excise tax on "the sale of a taxable fuel." 26 U.S.C. § 4081(a)(1)(A)(iv). The statutory provision at issue provides a credit against that excise tax for the use of alternative fuel mixtures in the production of motor fuel. That credit appears in § 6426, which, in the pre-2019 version of the statute, provides:

> **(e) Alternative fuel mixture credit**.—
>
> > **(1) In general**.—For purposes of this section, the alternative fuel mixture credit is the product of 50 cents and the number of gallons of alternative fuel used by the taxpayer in producing any alternative fuel mixture for sale or use in a trade or business of the taxpayer.
> >
> > **(2) Alternative fuel mixture**.—For purposes of this section, the term "alternative fuel mixture" means a mixture of alternative fuel . . . and taxable fuel (as defined in subparagraph (A), (B), or (C) of section 4083(a)(1))[.]

*Id.* § 6426(e)(1)–(2).

Note the structure and key terms Congress used in authorizing, defining, and limiting the credit for an "alternative fuel mixture." Subsection (e)(1) states that the AFM credit applies to the use of an "alternative fuel" used in the production of an "alternative fuel mixture." Subsection (e)(2) then defines an "alternative fuel mixture" as a "mixture" of an "alternative fuel" and a "taxable fuel." Note, too, that subsection (e)(2) expressly cross-references another statute (§ 4083(a)(1)(A)–(C)) to define the term "taxable fuel." And also note that nowhere

in § 6426(e)(1) or (e)(2) did Congress define the term "alternative fuel."

The specific statutory inquiry here involves two primary questions. First, whether butane qualifies as a "taxable fuel" for purposes of the AFM tax credit in § 6426(e). Second, if so, whether butane can also qualify as an "alternative fuel" for purposes of the AFM tax credit. These are the operative questions because U.S. Venture sought the AFM tax credit for producing fuel by blending butane with traditional gasoline.

So we begin by asking whether butane is a "taxable fuel." We know from the cross-reference within § 6426(e)(2) that the AFM tax credit expressly adopts the definition of taxable fuel used in "subparagraph (A), (B), or (C) of section 4083(a)(1)." Section 4083, in turn, is a definitional provision that gives meaning to the terms used in the fuel excise tax statute itself— 26 U.S.C. § 4081. The specific subsection cross-referenced within § 6426(e) defines "taxable fuel" as "(A) gasoline, (B) diesel fuel, and (C) kerosene." *Id.* § 4083(a)(1). The term "gasoline" is further defined in the very next statutory subsection—§ 4083(a)(2)—to "include[ ], to the extent prescribed in regulations—(i) any gasoline blend stock." *Id.* § 4083(a)(2)(B). One of those referenced "regulations" explicitly identifies butane as one of several "gasoline blendstocks." See 26 C.F.R § 48.4081-1(c)(3)(i)(B).

Although the requisite analysis is dense, the upshot thus far is clear. The express language of § 4083—the provision Congress expressly cross-referenced within the AFM tax credit—unambiguously tells us that butane is a "taxable fuel" for purposes of the fuel excise tax. By extension, then—because Congress expressly hinged the definition of "taxable fuel" within § 6426(e)(2) on the definition employed in

§ 4083—butane constitutes a "taxable fuel" for purposes of the AFM tax credit.

Having reached this conclusion, the next step is to determine whether butane can also be an "alternative fuel." Remember that the AFM tax credit, by the terms of § 6426(e), applies to a "mixture" of a "taxable fuel" and an "alternative fuel." So if, as U.S. Venture argues, butane can be *both* a taxable fuel *and* an alternative fuel, mixing butane with another taxable fuel, gasoline, would still allow U.S. Venture to claim the AFM tax credit.

We return to the text. The simple fact that the tax credit is for an "alternative fuel mixture" indicates that the resulting fuel for which the taxpayer seeks a credit must be "alternative" to something. That something is surely a taxable fuel, for the language Congress used in § 6426(e) plainly distinguishes between a "taxable fuel" and an "alternative fuel" and affords a credit only when a taxpayer produces a mixture of the two. It strains credulity, then, to consider butane, which we have just concluded is a taxable fuel, to also be "alternative to" a taxable fuel. On that view, we would all but delete the word "alternative" from § 6426(e)—a result at odds with the entirety of the provision.

We can put the same observation another way. The tax credit in § 6426(e) applies to a "mixture" of taxable and alternative fuels, which tells us that at least one other ingredient (an alternative fuel) must be mixed with a taxable fuel. Despite U.S. Venture's assertion, then, it makes no sense to call combining one taxable fuel (butane) with another taxable fuel (gasoline) a "mixture" of an alternative and a taxable fuel. Adding one taxable fuel to another taxable fuel does not result in a mixture of a taxable fuel and an alternative fuel.

Nor would treating butane as an alternative fuel align with what the statutory language shows is the purpose of the AFM tax credit. We need not delve into what specific goals Congress sought to promote when establishing the credit to make this point clear. All we need observe is that by enacting the alternative fuel mixture tax credit, Congress sought to incentivize the use of alternative fuels in the production of motor fuel. But remember that gasoline has long been subject to the federal excise tax and butane had been a standard gasoline additive for more than 30 years before the passage of the 2005 Act establishing the AFM credit. There would seem to be little reason to incentivize the continued use of a standard fuel component like butane through an "alternative" fuel mixture credit.

We therefore conclude that butane is not an "alternative fuel" within the meaning of § 6426(e), and U.S. Venture's addition of butane to the gasoline it produces and sells does not qualify for the AFM tax credit.

In entering summary judgment for the IRS, the district court applied much of the same analysis that we have employed in construing the language of the AFM tax credit. We agree in full with the district court's reasoning. The court's analysis gives effect to the express language of § 6426(e), the broader statutory structure and regulatory scheme imposing the fuel excise tax, and the plain purpose of the AFM tax credit.

## III

These conclusions do not go unchallenged by U.S. Venture. The company contends the district court misinterpreted how Congress defined both "alternative fuel" and "taxable

fuel" for purposes of the AFM tax credit. Right to it, the company asserts that it is entitled to the AFM tax credit because butane is not a taxable fuel, but instead is an alternative fuel, or, at minimum, qualifies as both.

### A

U.S. Venture's beginning point is to isolate and focus on precisely how Congress defined "alternative fuel" for purposes of the AFM tax credit. The company reminds us that § 6426(e) does not define "alternative fuel." But, the company emphasizes, the previous subsection—§ 6426(d)—makes clear that "[f]or purposes of this section [§ 6426], the term 'alternative fuel' means [among other things] liquefied petroleum gas[.]" 26 U.S.C. § 6426(d)(2)(A). U.S. Venture then observes, and the government does not disagree, that as a matter of chemistry and common usage and understanding in the energy sector, butane is a liquefied petroleum gas or LPG. Accordingly, the company's punchline is that because butane is an LPG, and LPG's are defined in § 6426(d)(2)(A) as "alternative fuel[s]" for purposes of the AFM tax credit, butane must be an "alternative fuel" within the meaning of § 6426(e).

The company's position makes good sense in some respects. If Congress had drafted § 6426(e) in an altogether different way—where statutory terms were not defined and where meaning could not be discerned from the surrounding language—U.S. Venture's approach may be right. Perhaps then we might rely on a meaning of butane commonly accepted in the petroleum industry or in this or that dictionary.

But we read and interpret the statutory structure as compelling a different analysis. We cannot get to the point of concluding that butane is an "alternative fuel" within the

meaning of § 6426(e), especially when we read that provision against the broader backdrop of fuel excise tax provisions to which the AFM tax credit applies.

The Tax Code has recognized alternative motor fuels (initially referred to as "special motor fuel") since at least 1954. Indeed, alternative fuels have been subject to their own excise tax since that time. In the provisions imposing that excise tax, Congress has consistently defined alternative fuels to *exclude* "any product taxable" under the fuel excise tax. See, *e.g.*, Excise Tax Reduction Act of 1954, 68 Stat. at 44; 60 Fed. Reg. 40079, 40082 (1995); 51 Fed. Reg. 11, 18 (1986); 25 Fed. Reg. 11201, 11217 (1960); 26 C.F.R. § 48.4041-8(f)(2) (1961). In other words, Congress distinguished between alternative fuels and taxable fuels, defining the two to be exclusive of one another for purposes of the applicable excise tax. What this means here is that butane cannot be both a "taxable fuel" (as we have concluded it is) and an "alternative fuel."

Or put in even stronger terms, *because* butane is taxable under § 4081 as a "gasoline blend stock" it is a taxable fuel and thus is excluded from the definition of "alternative fuel" in § 6426(e). The statute implementing the related alternative fuel excise tax makes this point expressly clear. See 26 U.S.C. § 4041(a)(2) (imposing a tax on "alternative fuels" which excludes "gas oil, fuel oil, *or any product taxable under section 4081*") (emphasis added); see also 26 C.F.R. § 48.4041-8(f)(2) ("The term 'special motor fuel' does not include any product taxable under the provisions of section 4081 [the fuel excise tax].").

The analysis makes sense at a broader level too. Congress enacted the 2005 statute introducing the AFM tax credit against the backdrop of these pre-existing statutory and

regulatory definitions of "alternative fuel." And we see nothing in the 2005 Act indicating that Congress intended to change these well-understood and long-codified definitions or, as U.S. Venture would seem to have it, to create one set of definitions for excise tax purposes and another for credits against those excise taxes. The proper interpretative approach, therefore, is one that harmonizes meaning between the use of terms such as "alternative fuel" that appear in these interrelated portions of the Tax Code. See *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995) ("[E]very Act of Congress[] should not be read as a series of unrelated and isolated provisions."); see also *Hollyfrontier Cheyenne Refining, LLC v. Renewable Fuels Ass'n*, No. 20-472, slip. op. at 5 (U.S. June 25, 2021) (refusing, absent "any persuasive countervailing evidence," to accept that Congress intended to assign different meanings to the same term in neighboring subparagraphs). So, even though butane is classified as a liquid petroleum gas or LPG for industry purposes, its meaning within this excise tax and related AFM tax credit scheme is controlled by existing statutory and regulatory definitions.

What U.S. Venture's position further underappreciates is that the dictionary or industry definition of a statutory term does not always govern when meaning can be discerned from language used in a larger statutory context. See *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 776 (2018) ("When a statute includes an explicit definition, we must follow that definition, even if it varies from a term's ordinary meaning." (quotation marks omitted)); see also *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019). And we see no compelling reason to redefine an existing statutory term—here "alternative fuel"—based solely on its scientific or industry definition.

The Tax Code is not a chemistry textbook. Nor is it a manual for use by the petrochemical industry. It is a statutory scheme (and a complex one at that) whose meaning and limits come from its language and structure. Where, as here, the statutory text supplies the definitional tools we need to answer the question presented, we can stop. There is no need to resort to extrinsic definitions or methods of interpretation. See *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019) ("In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself. Where, as here, that examination yields a clear answer, judges must stop." (citations omitted)).

B

U.S. Venture also begs to differ with our construction of the term "taxable fuel" in § 6426(e). Instead of giving controlling weight to the definition of "taxable fuel" embedded in the statute, the company turns itself in circles urging us to artificially constrain § 6426(e)(2)'s cross-reference to the definition of taxable fuels in § 4083.

Here is how the company gets there. U.S. Venture first contends that butane is not a taxable fuel for purposes of the AFM tax credit. It rests its argument on the fact that the cross-reference in § 6426(e) is precise and limited, drilling all the way down into specific subsections within subsections—namely, § 4083(a)(1)(A)–(C). These itemized subsections define taxable fuels to include only "(A) gasoline, (B) diesel fuel, and (C) kerosene." 26 U.S.C. § 4083(a)(1). U.S. Venture urges us to go no further—to read "gasoline" to mean only pure gasoline. Put more plainly, the company effectively sees a stop sign after the cross-referenced subsections—it wants us

to quit reading after the reference to "(A) gasoline"—and thus urges us to disregard what follows in the very same statutory section. We decline to read the Tax Code that way.

To see the flaw in the company's argument, we need only look at § 4083(a) as it appears in the Tax Code:

**(a) Taxable fuel.**—For purposes of this subpart—

**(1) In general.**—The term "taxable fuel" means—

**(A)** gasoline,

**(B)** diesel fuel, and

**(C)** kerosene.

**(2) Gasoline.**—The term "gasoline"—

**(A)** includes any gasoline blend, other than qualified methanol or ethanol fuel (as defined in section 4041(b)(2)(B)), partially exempt methanol or ethanol fuel (as defined in section 4041(m)(2)), or a denatured alcohol, and

**(B)** includes, to the extent prescribed in regulations—

**(i)** any gasoline blend stock, and

**(ii)** any product commonly used as an additive in gasoline (other than alcohol).

For purposes of subparagraph (B)(i), the term "gasoline blend stock" means any petroleum product component of gasoline.

*Id.* § 4083(a).

U.S. Venture is correct that § 4083(a)(1) defines "taxable fuel" to include only "gasoline," "diesel fuel," and

"kerosene." But § 4083(a)(2) immediately follows and *defines* gasoline further. "Gasoline," the statute expressly tells us, includes "any gasoline blend stock," which we have already explained, includes butane. See *id.* § 4083(a)(2); see also 26 C.F.R. § 48.4081-1(c)(3)(i)(B) ("[G]asoline blendstocks means … [b]utane."). We cannot somehow artificially separate the meaning "gasoline" carries in § 4083(a)(1)(A)—a meaning given to it by § 4083(a)(2)—from the meaning Congress intended to give it in § 6426(e) through the inclusion of an express cross-reference.

Contrary to U.S. Venture's invitation, we decline to follow a congressionally mandated cross-reference only part of the way. Instead, we must accept and follow the cross-referenced definition in full. See *Bennett v. Spear*, 520 U.S. 154, 173 (1997) ("It is the cardinal principle of statutory construction that it is our duty to give effect, if possible, to every clause and word of a statute[.]" (cleaned up)). U.S. Venture's position offends that principle. Our interpretation of the cross-reference contained in § 6426(e), by contrast, remains faithful to the statutory instruction to give "taxable fuel" its meaning "as defined in" § 4083(a)(1)(A). See 26 U.S.C. § 6426(e)(2). Whether the cross-reference is to the individual sub-paragraphs or to the whole statute does not change the meaning that Congress chose to give "gasoline" in § 4083 and, consequently, in § 6426(e).

\*        \*        \*

Based on the context of the fuel excise tax, implementing regulations, and the language of the AFM tax credit itself, we conclude that butane is a "taxable fuel." We further conclude that although butane may be considered a liquefied petroleum gas in other contexts, because it is a "taxable fuel" under

§ 4081, it is excluded from the codified definition of "alternative fuels." This reading is consistent with the long-standing statutory and regulatory definition of "alternative fuels." In the end, then, we agree with the district court's conclusion that U.S. Venture does not qualify for the AFM tax credit in § 6426(e) for mixing butane with traditional gasoline in its production and sale of motor fuel.

## IV

We close with three parting observations.

*First*, our interpretation of the tax credit statute rests entirely on the language employed in § 6426(e) and the additional cross-referenced statutes and regulations identified in the text. Finding the statutory language and structure clear, we need not resort to the parties' arguments based on legislative history. See *Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 240 (2011) ("Since our interpretation of § 300aa–22(b)(1) is the only interpretation supported by the text and structure of the NCVIA, even those of us who believe legislative history is a legitimate tool of statutory interpretation have no need to resort to it."). We see no reason to look for meaning in congressional reports or floor statements when Congress conveyed what it meant in the language it enacted into law in § 6426(e).

*Second*, we likewise place no weight on IRS Revenue Ruling 2018-2. In that ruling the IRS determined that butane was a taxable fuel for purposes of § 6426(e) and, by extension, concluded that a taxpayer could not receive the AFM tax credit for adding butane to gasoline. Revenue Ruling 2018-2 came more than 13 years after the AFM was introduced and, even more importantly, after the tax years for which U.S. Venture sought to amend their filings. In these circumstances, we are

hesitant to rely on the ruling in interpreting the AFM tax credit and related fuel excise tax provisions. Nor do we need to resort to such extrinsic evidence in light of what we conclude to be the unambiguous commands of the statutory language. And because our analysis does not rely on Revenue Ruling 2018-2 or other guidance issued by the IRS, we have no need to consider what, if any, deference to give such rulings or guidance.

*Third*, we recognize that in 2019, Congress amended the AFM tax credit statute, passing what it termed an "Extension and Clarification of Excise Tax Credits Relating to Alternative Fuels." See H.R. Rep. 116-379 at 60 (2020). This amended version of the statute (made retroactive to all unpaid claims filed after January 1, 2018) explicitly excluded liquefied petroleum gases like butane from qualifying for the alternative fuel mixture tax credit. See *id.* § 6426(e) (2020). But neither this amendment nor the floor statements or committee reports accompanying its passage help us interpret the pre-2019 version of the statute. See *Bruesewitz*, 562 U.S. at 242 ("Post-enactment legislative history (a contradiction in terms) is not a legitimate tool of statutory interpretation."). We do acknowledge, however, that the 2019 amendment was made retroactive by Congress and would apply to U.S. Venture's tax returns filed after January 1, 2018. The amendment prevents future attempts to seek AFM tax credits for using butane as a gasoline additive after the effective date.

For these reasons, we AFFIRM.