# United States Court of Appeals for the Federal Circuit

---

**PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1834

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00510-EHM, Judge Edward H. Meyers.

---

Decided: January 3, 2024

---

SHAY DVORETZKY, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC, argued for plaintiff-appellant. Also represented by KYSER BLAKELY, ARMANDO GOMEZ, PARKER ANDREW RIDER-LONGMAID, JACLYN MARIE ROEING.

JUDITH ANN HAGLEY, Tax Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by ARTHUR THOMAS CATTERALL, DAVID A. HUBBERT, FRANCESCA UGOLINI.

---

Before LOURIE, REYNA, and CHEN, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Philadelphia Energy Solutions Refining and Marketing, LLC ("Philadelphia Energy") appeals from the decision of the United States Court of Federal Claims ("the Claims Court") granting summary judgment that Philadelphia Energy is not entitled to tax refunds for excise taxes it paid on fuel mixtures of butane and gasoline. *Phila. Energy Sols. Refin. & Mktg., LLC v. United States*, 159 Fed. Cl. 230 (2022) ("*Decision*"). Specifically, the Claims Court held that those fuel mixtures did not qualify as "alternative fuel mixtures" to which the tax credit in 26 U.S.C. § 6426(e)[1] applied.

Because the Claims Court correctly concluded that butane is not an "alternative fuel" for purposes of § 6426, Philadelphia Energy's mixture of butane with gasoline does not qualify for the alternative fuel mixture credit. We therefore affirm.

BACKGROUND

I

For nearly a century, Congress has levied excise taxes on the sale of motor fuels used in transportation. *See* Revenue Act of 1932, Pub. L. No. 72-154, § 617(a), 47 Stat. 169, 266 (1932). The prime example of such a fuel is gasoline. And since at least 1954, Congress has also imposed an excise tax on a category of alternative fuels used in

---

[1]    Section 6426 of the Internal Revenue Code ("the Tax Code") was amended by the Further Consolidated Appropriations Act, 2020. Pub. L. 116-94, 133 Stat. 2534, 3233–34 (2019). Unless otherwise indicated, all references to the Tax Code and its implementing regulations are to the pre-2019 versions in effect prior to those amendments and at the time of Philadelphia Energy's relevant conduct.

transportation, originally named "special motor fuels." *See* Excise Tax Reduction Act of 1954, Pub. L. No. 83-324, § 507(b), 68 Stat. 37, 44 (1954); *see also* Internal Revenue Code of 1954, Pub. L. No. 83-591, § 4041(b), 68A Stat. 1, 478 (1954). Examples of fuels that have historically been deemed special motor fuels include benzol, benzene, and liquefied petroleum gases. *See* Internal Revenue Code of 1954, § 4041(b). Within the petroleum industry, butane is generally considered to be a liquefied petroleum gas. *See, e.g., Liquefied petroleum gases (LPG),* U.S. Energy Information Administration, https://www.eia.gov/tools/glossary/index.php?id=L.

The Tax Code creates a dichotomy between the excise taxes imposed on those two types of fuels, where "taxable fuels," such as gasoline, are taxed under 26 U.S.C. § 4081, and "special motor fuels" are taxed under 26 U.S.C. § 4041. The statute expressly excludes from the tax imposed by § 4041 any fuel that is taxed under § 4081. *See* Internal Revenue Code of 1954, § 4041(b); *see also* 26 U.S.C. § 4041(a)(2)(A) (imposing "a tax on any liquid (other than . . . any product taxable under section 4081 . . . )"). In other words, the excise taxes on "taxable fuels" and "special motor fuels" are, and have always appeared to be, mutually exclusive.

In 2005, Congress enacted the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users ("the Act"), renaming "special motor fuels" as "alternative fuels," and creating two new tax credits for producers of alternative fuels and alternative fuel mixtures. Pub. L. No. 109-59, § 11113, 119 Stat. 1144, 1946–49 (codified at 26 U.S.C. § 6426). Specifically, the Act provided an "alternative fuel credit" to offset the excise tax on alternative fuels (previously, "special motor fuels") imposed by § 4041, and an "alternative fuel mixture credit" to offset the excise tax on taxable fuels imposed by § 4081. 26 U.S.C. § 6426(a)(1)–(2).

This appeal concerns the scope and applicability of the alternative fuel mixture credit.

## II

Over a decade after Congress passed the Act, Philadelphia Energy filed administrative claims with the Internal Revenue Service ("IRS") seeking tax refunds for each tax quarter in the years 2014, 2015, 2016, and 2017.[2] *Decision* at 234. Philadelphia Energy claimed that, during those tax years, it produced, sold, and paid excise taxes on alternative fuel mixtures of butane and gasoline that were entitled to the alternative fuel mixture credit. When the IRS did not respond to its refund claims, Philadelphia Energy filed suit in the Claims Court arguing that, because butane is a liquefied petroleum gas, it is an alternative fuel that, when mixed with gasoline, qualifies for that credit. *See id.* at 236. Based on its interpretation of the statute, Philadelphia Energy claims that it is entitled to more than $550 million in refunds and interest for taxes it paid on those mixtures. *Id.* at 233.

The Claims Court denied Philadelphia Energy's motion for partial summary judgment and granted the government's cross-motion for summary judgment, holding that the statute's terms make clear that butane is not an

---

[2]    Philadelphia Energy's refund claim for tax year 2017 is not at issue here. Congress's amendments to the Act in 2019, which made clear that mixing gasoline and butane does not qualify as an "alternative fuel mixture," *see supra* note 1, apply to claims filed at the IRS on or after January 8, 2018. Because Philadelphia Energy's 2017 claim was filed after that date (*i.e.*, on October 16, 2018), it is subject to the revised language of the statute. This forecloses Philadelphia Energy's arguments as to that claim. *See* Further Consolidated Appropriations Act § 133(b)(2)(B); *see also Decision* at 235.

"alternative fuel" for purposes of the alternative fuel mixture credit. *Id.*

Philadelphia Energy timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Whether or not a mixture of butane and gasoline qualifies for the alternative fuel mixture credit is a question of first impression for this court. We observe, however, that two of our sister circuits have previously answered this question in the negative. *Vitol, Inc. v. United States*, 30 F.4th 248 (5th Cir. 2022); *U.S. Venture, Inc. v. United States*, 2 F.4th 1034 (7th Cir. 2021). For the reasons provided below, we align ourselves with those courts and hold that such a mixture is not an "alternative fuel mixture" entitled to the alternative fuel mixture credit.

Because this case presents a question of pure statutory interpretation, our review is *de novo*. *Hitkansut LLC v. United States*, 958 F.3d 1162, 1166 (Fed. Cir. 2020).

### I

Our analysis begins with the text of the Tax Code. *Rotkiske v. Klemm*, 140 S.Ct. 355, 360 (2019). Here, the statute under which Philadelphia Energy's claim arises provides:

**(e) Alternative fuel mixture credit.—**

**(1) In general.**—For purposes of this section, the alternative fuel mixture credit is the product of 50 cents and the number of gallons of alternative fuel used by the taxpayer in producing any alternative fuel mixture for sale or use in a trade or business of the taxpayer.

**(2) Alternative fuel mixture.**—For purposes of this section, the term "alternative fuel mixture" means a *mixture of alternative fuel and taxable fuel*

> *(as defined in subparagraph (A), (B), or (C) of section 4083(a)(1))* which—
>
> **(A)** is sold by the taxpayer producing such mixture to any person for use as fuel, or
>
> **(B)** is used as a fuel by the taxpayer producing such mixture.

26 U.S.C. § 6426(e)(1)–(2) (emphasis added in italics). Our task is to determine whether or not a mixture of butane and gasoline is "a mixture of alternative fuel and taxable fuel."

As an initial matter, there is no dispute that gasoline is a taxable fuel. *See, e.g.*, Appellant's Br. at 2. Congress expressly defined "taxable fuel" in § 6426(e) by cross-referencing the definition provided for that term in § 4083 (*i.e.*, the section providing definitions for the taxable fuel excise tax of § 4081). Section 4083(a)(1) states that "[t]he term 'taxable fuel' means—(A) gasoline . . . ." *Id.* § 4083(a)(1)(A).

There is similarly no dispute that, under that same definition, butane is a taxable fuel. Oral Arg. at 2:55–3:16, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-1834_11072023.mp3 (counsel for Philadelphia Energy agreeing that butane is a taxable fuel). That is because § 4083(a)(2)(B) provides that, "to the extent prescribed in regulations," the term gasoline—a taxable fuel—includes "any gasoline blend stock." Although § 4083 does not define "gasoline blend stock," its implementing regulations do:

> **(c) Blended taxable fuel, diesel fuel, and gasoline blendstocks; definitions—**
>
>            \*     \*     \*
>
> **(3) Gasoline blendstocks—**

> **(i) In general.** Except as provided in paragraph (c)(3)(ii) of this section, gasoline blendstocks means—
>
> (A) Alkylate;
>
> (B) *Butane*;
>
> (C) Butene; . . . .

26 C.F.R. § 48.4081-1(c)(3)(i) (emphasis added in italics). Because the language of § 4083—the section explicitly cross-referenced to provide the meaning "taxable fuel" for the alternative fuel mixture credit—unambiguously informs us that butane is a "taxable fuel" for purposes of the fuel excise tax, it is similarly a "taxable fuel" for purposes of the credit. *See U.S. Venture*, 2 F.4th at 1038–39.

Having concluded that both gasoline and butane are "taxable fuels" as defined by § 4083(a)(1), a plain reading of § 6426(e) suggests that a mixture of butane and gasoline would not be a "mixture of alternative fuel and taxable fuel," as required for the alternative fuel mixture credit, but rather a mixture of taxable fuel and taxable fuel. Such a combination then does not appear to qualify for the sought-after credit. Our analysis, however, does not end there.

## II

Despite conceding that butane is a taxable fuel—at least for purposes of the *excise tax* provisions (*i.e.*, §§ 4041, 4081) of the Tax Code—Philadelphia Energy argues that nothing within the Code precludes it from also being an "alternative fuel" for purposes of the tax *credit* provisions. That is, Philadelphia Energy takes the position that Congress intentionally abandoned the long-recognized dichotomy between the taxes on taxable fuels and alternative fuels when drafting the tax credit provisions of § 6426. *See* Appellant's Br. at 46–48; *see also Vitol*, 30 F.4th at 260 (Elrod, J., dissenting) ("All of the majority opinion's

conclusions hinge on the taxable fuel–alternative fuel dichotomy from the excise-tax provisions.  But it is not at all apparent that such a dichotomy exists in the tax credit provisions.").

Philadelphia Energy supports its argument by looking to the language of § 6426(d)—providing the alternative fuel credit—which defines "alternative fuel" to include liquefied petroleum gas.  Because butane is commonly understood to be a liquefied petroleum gas, Philadelphia Energy argues that butane must therefore be an alternative fuel for purposes of the alternative fuel mixture credit of § 6426(e).  To better understand this argument, we return to the language of the statute.

As we have already discussed, Congress defined "taxable fuel" for purposes of the alternative fuel mixture credit by expressly cross-referencing the definition provided for that term in the corresponding excise tax section of the Tax Code, *i.e.*, § 4083.  Congress did not, however, provide any similar cross-reference to, for example, § 4041 (*i.e.*, the excise tax provision for alternative fuels) when defining what qualified as an "alternative fuel" for purposes of the alternative fuel mixture credit.  Philadelphia Energy therefore argues that, without any cross-reference or other explicit definition, Congress must have intended for the term "alternative fuel" in § 6426(e) to be controlled by the definition provided for that term in alternative fuel credit provision of § 6426(d).  That section provides:

**(d) Alternative fuel credit.—**

**(1) In general.**—For purposes of this section, the alternative fuel credit is the product of 50 cents and the number of gallons of an alternative fuel or gasoline gallon equivalents of a nonliquid alternative fuel sold by the taxpayer for use as a fuel in a motor vehicle or motorboat, sold by the taxpayer for use as a fuel in aviation, or so used by the taxpayer.

> **(2) Alternative fuel.**—*For purposes of this section*, the term "alternative fuel" means—
>
> **(A)** *liquefied petroleum gas,*
>
> **(B)** P Series Fuels . . . .

26 U.S.C. § 6426(d) (emphases added in italics). Although § 6426 does not define "liquefied petroleum gas," Philadelphia Energy argues that, because the plain and ordinary meaning of that term within the industry includes butane, then the use of the term "alternative fuel" throughout the entirety of § 6426 must be read to include butane. *See* Appellant's Br. at 49–50. We disagree.

If we were to read § 6426 in isolation, divorced from the broader statutory scheme in which it appears, we may be convinced that butane, as a liquefied petroleum gas, is an alternative fuel. But "[w]e do not . . . construe statutory phrases in isolation; we read statutes as a whole." *United States v. Morton*, 467 U.S. 822, 828 (1984); *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." (citation omitted)). And contrary to Philadelphia Energy's assertions that "[c]ourts look to statutory context only *after* identifying a provision's ordinary meaning," Appellant's Br. at 25 (emphasis added), the Supreme Court has long made clear that "the meaning of statutory language, plain or not, depends on context." *King v. St. Vincent's Hosp.*, 502 U.S. 215, 221 (1991). We therefore cannot discern the meaning of "alternative fuel" without consideration of its place within the statutory context. And that context shows that butane is not an alternative fuel.

Section 6426 begins by providing that the alternative fuel credit of § 6426(d)—the subsection from which Philadelphia Energy derives its definition of "alternative fuel"—applies against excise taxes imposed by § 4041.

26 U.S.C. § 6426(a)(2) ("There shall be allowed as a credit . . . against the tax imposed by section 4041 an amount equal to the sum of the credits described in subsection (d)."). Section 4041, in turn, provides that the excise tax on "alternative fuels" does not apply to any fuel that is taxable under § 4081. *Id.* § 4041(a)(2)(A) ("There is hereby imposed a tax on any liquid *(other than . . . any product taxable under section 4081 . . .* )" (emphasis added)). As we have already concluded, butane is taxable under § 4081. Accordingly, because § 4041 expressly disclaims from the scope of alternative fuels those fuels taxed under § 4081, butane is *not* taxed as an alternative fuel under § 4041 and is therefore ineligible for the alternative fuel credit of § 6426(d). In other words, even if we accept Philadelphia Energy's argument that butane is, as a general matter, a liquefied petroleum gas, it cannot be a "liquefied petroleum gas" for the purposes of the alternative fuel credit of § 6426(d).

This matters because Philadelphia Energy asks us to import the definition of "alternative fuel" from § 6426(d) into the definition of "alternative fuel" of § 6426(e). But if that term as used in § 6426(d) does not include butane, it most naturally follows that that term as used in § 6426(e) does not either. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 571 (2012) ("[I]t is a normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." (cleaned up)); *see Atl. Cleaners & Dyers v. United States*, 286 U.S. 427, 433 (1932) ("[T]here is a natural presumption that identical words used in different parts of the same act are intended to have the same meaning.").

To be sure, the rule that identical words have the same meaning within a given statute is not infallible. *See Yates v. United States*, 574 U.S. 528, 537–38 (2015) ("We have several times affirmed that identical language may convey varying content when used in different statutes, sometimes even in different provisions of the same statute." (collecting

cases)).  But we see no reason to deviate from this rule here where Philadelphia Energy's own argument is premised on the meaning of "alternative fuel" in § 6426(e) being the same as that term in § 6426(d).  Moreover, Congress explicitly conditioned the application of each of the alternative fuel credit and the alternative fuel mixture credit on the imposition of the corresponding excise tax, which is consistent with its decades-long practice of defining alternative fuels, including their "special motor fuel" predecessors, as mutually exclusive of taxable fuels.  *See, e.g.*, Excise Tax Reduction Act § 2450; Internal Revenue Code of 1954, § 4041.  Accordingly, we reject Philadelphia Energy's argument that the taxable fuel–alternative fuel dichotomy present in the excise tax provisions of the Tax Code does not extend to its tax credit provisions.

For these reasons, we conclude that butane is not an "alternative fuel" for purposes of § 6426.

### CONCLUSION

We have considered Philadelphia Energy's remaining arguments and find them unpersuasive.  Because butane is a "taxable fuel," it cannot be an "alternative fuel."  Accordingly, we hold that Philadelphia Energy's mixtures of butane and gasoline do not qualify for the alternative fuel mixture credit of 26 U.S.C. § 6426(e) and affirm the Claims Court's judgment in favor of the government.

**AFFIRMED**