# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2025

Lyle W. Cayce
Clerk

———————

No. 24-20343

———————

Khevaja Nazimuddin,

*Plaintiff—Appellant*,

*versus*

Wells Fargo Bank, N.A.,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-4717

————————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Khevaja Nazimuddin, proceeding *pro se*, sued his bank, Wells Fargo, for violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693–1693r, and breach of contract on account of Wells Fargo's failure to reimburse him after fraudulent wire transfers drained his bank account. Because Nazimuddin abandoned several of his arguments on appeal and the district court correctly dismissed his claims, we affirm.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20343

## I.

On July 28, 2023, Nazimuddin logged into his Wells Fargo account. He discovered that three wire transfers totaling $23,657.71 were made from his account: one on July 27, 2023 for $9,264.17; one on July 28, 2023 for $8,152.17; and one on July 28, 2023 for $6,241.36. Because he had not made these wire transfers, Nazimuddin disputed them with Wells Fargo. After an investigation, Wells Fargo determined that Nazimuddin or someone with his login credentials made these wire transfers. As a result, Wells Fargo refused to reimburse Nazimuddin.

Nazimuddin eventually filed the underlying lawsuit. In his amended complaint, he asserts that Wells Fargo violated the EFTA and violated its "promised security procedures." The case was referred to a magistrate judge and motion practice followed. Nazimuddin filed a motion for partial summary judgment as to his EFTA claim. Wells Fargo filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Specifically, Wells Fargo argued that Nazimuddin failed to plead adequately an EFTA claim because wire transfers are outside of the EFTA's scope. Additionally, Wells Fargo argued that Nazimuddin's violation of promised security procedures claim was a breach of contract claim and that Nazimuddin failed to plead adequately a breach of contract claim because he never alleged which contractual provision was at issue. Because the parties advised the magistrate judge that they did not object to a stay on discovery pending resolution of these motions, the magistrate judge stayed discovery.

In her report and recommendation, the magistrate judge concluded that Wells Fargo's motion to dismiss should be granted on the merits and that Nazimuddin's motion for partial summary judgment should be denied as premature and on the merits. The magistrate judge found that Nazimuddin failed to plead adequately an EFTA claim because the transfers

at issue were wire transfers and wire transfers are excluded from the EFTA's protections. After construing Nazimuddin's claim for violation of promised security procedures as one for breach of contract, the magistrate judge found that Nazimuddin failed to state a breach of contract claim because he failed to identify any contractual provision of the Online Access Agreement that Wells Fargo allegedly breached. The magistrate judge also concluded that Nazimuddin's breach of contract claim failed because Wells Fargo's website language does not expressly promise the performance of various security procedures.

Nazimuddin filed objections to the magistrate judge's report and recommendation. First, he objected to the lack of discovery in the case. Second, relying on a Statement of Interest filed by the Consumer Financial Protection Bureau ("CFPB") in an unrelated pending case in the Southern District of New York, he argued that the wire transfers fell under the EFTA because Wells Fargo conducted an intra-bank transfer before wiring the funds to the recipient. Neither of these arguments were included in his responses to Wells Fargo's motion, though.

Ultimately, the district judge overruled Nazimuddin's objections, adopted the magistrate judge's report and recommendation, granted Well Fargo's motion to dismiss, and denied Nazimuddin's motion for partial summary judgment. Nazimuddin timely appealed.

## II.

As an initial matter, we must determine which aspects of the district court's ruling have been appealed by Nazimuddin. Although *pro se* briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), even *pro se* litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Accordingly, because Nazimuddin failed to make any arguments contesting the district court's dismissal of his beach of contract claim or the district court's denial of his

motion for partial summary judgment, he has abandoned these issues on appeal. We therefore only consider whether the district court erred in dismissing Nazimuddin's EFTA claim.

## A.

We review orders on Rule 12(b)(6) motions to dismiss for failure to state a claim de novo. *Life Partners Creditors' Tr. v. Cowley* (*In re Life Partners Holdings, Inc.*), 926 F.3d 103, 116 (5th Cir. 2019). We accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Arnold v. Williams*, 979 F.3d 262, 265 n.1, 266 (5th Cir. 2020). We consider all "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

## B.

On appeal, Nazimuddin largely renews his arguments regarding discovery and the CFPB's Statement of Interest from his objections to the magistrate judge's report and recommendation. Nazimuddin did not object to a stay on discovery when initially asked, though. And, as noted above, courts are confined to the pleadings in analyzing a Rule 12(b)(6) motion to dismiss. *See Tellabs*, 551 U.S. at 322. Nazimuddin also failed to make his discovery and CFPB Statement of Interest arguments before the magistrate judge. Because "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge," these arguments are abandoned. *Vitol, Inc. v. United States*, 30 F.4th 248, 257 & n.31 (5th Cir. 2022) (quoting *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998)). Nazimuddin also continues to make much of Wells Fargo's use of the phrase "between 07/27/2023 to 07/31/2023" to describe the time frame during which the wire transfers were performed, arguing that this

phrase excludes the first wire transfer on July 27, 2023 and demonstrates that Wells Fargo found an error with this wire transfer.

Although the EFTA provides consumer protections in the context of electronic fund transfers, 15 U.S.C. § 1693(b), EFTA regulations explicitly exclude wire transfers from the definition of an electronic fund transfer. 12 C.F.R. § 205.3(c)(3) (providing that "[t]he term electronic fund transfer does not include . . . [a]ny transfer of funds through Fedwire or through a similar wire transfer system that is used primarily for transfers between financial institutions or between businesses"). As the transfers from Nazimuddin's account were undisputedly wire transfers, they are outside the scope of the EFTA and its protections do not apply.  Wells Fargo's use of the of the phrase "between 07/27/2023 to 07/31/2023" to describe the timing of the wire transfers does not change the reality that the transfers from Nazimuddin's account were wire transfers beyond the EFTA's scope.  Thus, Nazimuddin failed to plead adequately an EFTA claim and the district court did not err in dismissing this claim.

## III.

In sum, the district court correctly dismissed Nazimuddin's claims and the judgment is, in all respects,

AFFIRMED.